**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Broward Division**

In Re:                                                    Case Number  **12-37689-BKC-JKO**
                                                          Chapter          **13**
**ZOILA GOMEZ**
        **Debtor.**            /

## DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION

The Debtor, ZOILA GOMEZ, (hereinafter the "debtor"), files herewith this Third

Amended Plan of Reorganization in accordance with the provisions of 11 U.S.C. Section 1121(a).

### I.  INTRODUCTION

The   Plan  is a proposal to creditors to resolve the debts owed on the date of the filing of

the Petition.  The Proponents believe it will produce more for the unsecured creditors and other

holders of interest than they would receive if the case were to be converted to a straight bankruptcy

with the assets of the Debtor being sold by a liquidating trustee and the proceeds distributed in the

priorities and manner described by the Bankruptcy Code.

### II.  DEFINITIONS AND RULES OF CONSTRUCTION

1.    Terms.  The capitalized terms set forth below when used in this Plan shall have the

following meanings:

        (a)    "Administration Claim" shall mean a Claim against the estate of the Debtor

allowed by order of the Bankruptcy Court pursuant to Section 503(b) of the Bankruptcy Code,

incurred by the Trustee or the Debtor in the ordinary course of business from the filing date to

Confirmation Date shall also mean a Post-Confirmation Administration Claim and shall include all

fees payable pursuant to Section 1930 of Title 28, United States Code.

        (b)    "Allow," "Allowed," "Allowance" or words of similar meaning shall mean with

respect to a Claim against the estate of the Debtor that no objection has been interposed within the

applicable period of limitation fixed by this Plan  or by the Bankruptcy Court and that such period of limitation has expired or that the Claim has been allowed by an order of the Bankruptcy Court that is no longer subject to appeal or certiorari and as to which no appeal or certiorari is pending.

(c)       "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as, Title II, United States Code, which governs the Chapter 11 Case of the Debtor.

(d)       "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of Florida having jurisdiction over the Chapter 11 Case of the Debtor or the United States District Court for the Southern District of Florida having jurisdiction over any part or all of the Chapter 11 Case of the Debtor in respect of which the reference has been withdrawn pursuant to Section 157(d) of Title 28, United States Code.

(e)       "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court (including any applicable local rules of the United States District Court for the Southern District of Florida), as now in effect or hereafter

(f)       "Business Day" shall mean a day on which banks are open for business under the laws of the State of Florida.

(g)       "Chapter 11 Case" shall mean the proceedings under Chapter 11 of the Bankruptcy Code for the reorganization of the Debtor under Case No. 12-37689-JKO.

(h)       "Claim" shall have the meaning provided for such term in Section 101(5) of the Bankruptcy Code.

(I)       "Confirmation Date" shall mean the date on which the Bankruptcy Court enters the Confirmation Order on its docket.

(j)       "Confirmation Order" shall mean a Final Order of the Bankruptcy Court confirming the provisions of this   Plan, pursuant to Section 1129 of the Bankruptcy Code.

(k)      "Debtor" shall mean ZOILA GOMEZ

(1)      "Disbursing Agent" shall mean the person appointed to administer and disburse the cash payments to be to section IV subparagraph G of the Plan.

(m)      "Disclosure Statement" shall mean the Disclosure Statement for Debtor's Plan of Reorganization, dated of even date herewith, that relates to this Plan and as approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code, as such disclosure statement may be, modified or supplemented from time to time (and all exhibits and schedules attached thereto or referred to therein).

(n)      "Disputed Claim" shall mean (I) a Claim against which an objection is pending and which has not been allowed prior to the deadline for the filing of objections to Claims provided under this   Plan, (ii) a contingent Claim, (iii) an unliquidated Claim, or (iv) a Claim which is a right to payment arising from a right to an equitable remedy for breach of performance.

(o)      "Effective Date" shall mean the first business day following thirty (30) days after the date on which the Confirmation Order becomes Final.

(p)      "Final" shall mean with respect to an order of the Bankruptcy Court for the Southern District of Florida pursuant to Section 158(a) of Title 28, United States Code, whether or not an appeal can be timely taken, is taken, or is pending, unless the order is stayed pending appeal, and whether or not a timely motion is filed under Bankruptcy Rules 7052(b) or 9023, unless the order is stayed pending disposition of such motion and shall mean with respect to an order of the United States District Court for the Southern District of Florida in respect of a matter as to which the reference has been withdrawn pursuant to section 157(d) of title 28, United States Code, that the order is appealable of right to the United States Court of Appeals for the Eleventh Circuit pursuant to section 158(d) or 1291 of title 28, United States Code, whether or not an appeal can be

timely taken, is taken, or is pending, unless the order is stayed pending appeal, and whether or not a timely motion is filed under Bankruptcy Rules 7052(b) or 9023 or Rules 50, 52, 59 or 60 of the Federal Rules of Civil Procedure, unless the order is stayed pending disposition of such motion.

(q)    "Final Report" shall mean the Final Report on Distributions and Request for Entry of Final Decree Closing Case to be filed by the Reorganized Debtor on behalf of the Debtor's estate after all distributions under the Plan are made.

(r)    "General Unsecured Claim" shall mean any Claim against the Debtor's estate other than allowed Secured Claims, Administration Claims or Priority Tax Claims

(s)    "Pending Claim" shall mean a Claim for which an application for Allowance under section 503 of the Bankruptcy Code is pending before the Bankruptcy Code on the Confirmation Date, or for which an application for Allowance of professional fees and reimbursement of expenses is or may be filed or allowed for services rendered in connection with the Chapter 11 Case either before or after the Confirmation Date.

(t)    "Petition Date" shall mean the date on which a respective Chapter 11 Case was commenced.

(u)    "Plan " shall mean this Plan of reorganization in its entirety, together with all addenda, exhibits, schedules and other attachments hereto, in its present form or as it may be modified, or supplemented from time to time.

(v)    "Post-Confirmation Administration Claim" shall mean a Claim for services rendered or expenses incurred after the Confirmation Date in connection with the Chapter 11 Case by the Trustee, his attorneys and accountants in connection with distributing funds or transferring property under this Plan or to the extent applicable, investigating and objecting to the allowance or priority of Claims.

(w)    "Priority Tax Claim" shall mean a Claim entitled to priority under Section 507(a)(7) of the Bankruptcy Code.

(x)    "Rejection Claim" shall mean a Claim arising under section 502(g) of the Bankruptcy Code from the rejection under section 365 of the Bankruptcy Code or under this Plan, if an executory contract or unexpired lease of the Debtor that has not been assumed.

(y)    "Reorganized Debtor" shall mean the Debtor and any successor thereto, from and after the Effective Date of the Plan.

(z)    "United States Trustee" shall mean the Assistant United States Trustee for the Southern District of Florida.

### III  CLASSIFICATION OF CLAIMS AND INTERESTS AND MEANS FOR IMPLEMENTATION OF  PLAN

This Plan sets forth with particularity the manner in which all claims will be paid.  This Plan divides the respective creditors and equity security interest of each Debtor into respective classes, the classification and treatment of which are described herein:

(a) Class I.  Chase Mortgage Bank the holder of the first mortgage on the debtor's homestead property located at 3740 NE 16 Avenue, Pompano Beach, Florida  payments were current as of the filing of this case and remain so.  This creditor is unimpaired.

(b) Class 2.  Wells Fargo Bank the holder of a second mortgage on the debtor's homestead property located at 3740 NE 16 Avenue, Pompano Beach, Florida  payments were current as of the filing of this case and remain so.  This creditor is unimpaired.

(c )  Class 3.  Consists of secured creditor Chase Mortgage Bank that holds a first mortgage on property located at 511 Annie Laurie Lane, Sarasota, Florida - payments were current as of the filing of this case and remain so.  The is creditor shall be paid directly outside of the debtor's plan. This creditor is unimpaired.

(d) <u>Class 4</u>.  Consists of secured creditor Wells Fargo Bank that holds a second mortgage on property located at 511 Annie Laurie Lane, Sarasota, Florida - payments were current as of the filing of this case and remain so.  This is creditor shall be paid directly outside of the debtor's plan.   This creditor is unimpaired.

(e) <u>Class 5</u>. Bank of America, BAC Home Loan Servicing LP., holds a Mortgage and Promissory Note on the duplex located at 4604-06 30 Street West, Bradenton, Florida - Claim No. 6; Account No. XXXX1284. The current value of the property is approximately one hundred three thousand dollars ($103,000.00).  The debtor will pay adequate protection, based on an expected modification at five percent (5%), annual interest or less over ten (10) years in including escrow for the ad valorem taxes and the rulings of the Bankruptcy Court.    The amount in excess of the valued amount will be treated as a general unsecured claim.

(f) <u>Class 6</u>. Wells Fargo Bank N.A., Wachovia Mortgage FSB,  holds a Mortgage and Promissory Note on the duplex located at 4814-18 25 Street West, Bradenton, Florida Claim No. 10; it shall retain its lien on the real property until such time as all of the amounts necessary to pay the Chapter 11 Debt as Described below are paid in full.  The Existing Note and Mortgage shall remain in effect and the terms below shall only modify the amounts and payment requirements of the loan. All other aspects of the Note and Mortgage including its lien priority and validity shall remain in effect.  Because a payment requirement inconsistency exists between the Plan and the Note, the Plan shall control with respect to such inconsistency. However, all other terms of the Note and Mortgage including but not limited to the ability to accelerate in event of default and what constitutes a default shall remain in full force and effect.  Upon confirmation of the Plan, Creditor shall withdraw or be deemed to have withdrawn its section 1111(b)(2) Election.

The modified payment terms for class 6 are:

Loan No. 0045626124- 4814 - 4818 W 25TH STREET

$125,400.00 at 5.00% over 360 month with P&I payments of $673.17

(g) <u>Class 7</u>. Wells Fargo Bank, N.A., AKA Wachovia Mortgage FSB., holds a Mortgage and Promissory Note on the duplex located at 4810-12 25 Street West, Bradenton, Florida - Claim No. 4; it shall retain its lien on the real property until such time as all of the amounts necessary to pay the Chapter 11 Debt as Described below are paid in full.  The Existing Note and Mortgage shall remain in effect and the terms below shall only modify the amounts and payment requirements of the loan. All other aspects of the Note and Mortgage including its lien priority and validity shall remain in effect.  Because a payment requirement inconsistency exists between the Plan and the Note, the Plan shall control with respect to such inconsistency.  However, all other terms of the Note and Mortgage including but not limited to the ability to accelerate in event of default and what constitutes a default shall remain in full force and effect. Upon confirmation of the Plan, Creditor shall withdraw or be deemed to have withdrawn its section 1111(b)(2) Election.

The modified payment terms for class 7 are:

Loan No. 0045622529 - 4810-4812 W 25TH ST W.,

$125,400.00 at 5.00% over 360 month with P&I payments of $673.17

(h) <u>Class 8</u>. Wells Fargo Bank, N.A., AKA Wachovia Mortgage FSB., holds a Mortgage and Promissory Note on the duplex located at 4806-08 25 Street West, Bradenton, Florida - Claim No. 3, shall retain its lien on the real property until such time as all of the amounts necessary to pay the Chapter 11 Debt as Described below are paid in full.  The Existing Note and Mortgage shall remain in effect and the terms below shall only modify the amounts and payment requirements of the loan. All other aspects of the Note and Mortgage including its lien priority and validity shall

remain in effect.  Because a payment requirement inconsistency exists between the Plan and the Note, the Plan shall control with respect to such inconsistency.  However, all other terms of the Note and Mortgage including but not limited to the ability to accelerate in event of default and what constitutes a default shall remain in full force and effect. Upon confirmation of the Plan, Creditor shall withdraw or be deemed to have withdrawn its section 1111(b)(2) Election.

The modified payment terms for class 8 are:

Loan No. 0045632114 - 4806-4808 25TH ST W

$125,400.00 at 5.00% over 360 month with P&I payments of $673.17

(i)  Class 9. Wells Fargo Home Loans holds a Mortgage and Promissory Note on the duplex located at 4731 33 Street West, Bradenton, Florida - Claim No. 8; it Class 9 shall retain its lien on the real property until such time as all of the amounts necessary to pay the Chapter 11 Debt as Described below are paid in full. The Existing Note and Mortgage shall remain in effect and the terms below shall only modify the amounts and payment requirements of the loan. All other aspects of the Note and Mortgage including its lien priority and validity shall remain in effect. Because a payment requirement inconsistency exists between the Plan and the Note, the Plan shall control with respect to such inconsistency.  However, all other terms of the Note and Mortgage including but not limited to the ability to accelerate in event of default and what constitutes a default shall remain in full force and effect. Upon confirmation of the Plan, Creditor shall withdraw or be deemed to have withdrawn its section 1111(b)(2) Election.

The modified payment terms for class 9 are:

Loan No. 0046199923 – 4731 33RD ST W

$162,000.00 at 5.00% over 360 months with P&I payments of $869.65

(j)  Class 10. Bank of New York holds a Mortgage and Promissory Note on the duplex located at

4328-30 81 Street West, Bradenton, Florida - Claim No 7; Account NO.XXXX0980 - The current value of property approximately one hundred ten thousand dollars ($110,000.00), to be paid in full with a ten (10) years amortization schedule, and with an escrow for taxes and insurance at the annual interest rate of  5%.

(k)  Class 11.  Chase Bank the holder of the mortgage and promissory note who is impaired subject to the valuing of the subject property.   This creditor will be paid pursuant to the mortgage and the rulings of this Bankruptcy Court.  The amount in excess of the valued amount will be treated as a general unsecured claim.

(l)  Class 12.  This class is impaired and consists of general unsecured claims.  This class shall receive a pro rata distribution during the term of the debtor's plan of one hundred ten thousand dollars ($110,000.00) towards allowed claims in equal monthly payments over sixty (60) months beginning on the effective date of the debtors Plan of Reorganization.  The plan payments will be equal to or in excess of those required to exceed the amount unsecured creditors would receive in a case under Chapter 7.  The effective date of the plan will occur thirty (30) days after the date of confirmation of the Debtors Plan of Reorganization. The payments will continue for forty eight (48)  months after the effective date of the plan unless the amount contemplated to be paid under the plan is paid earlier.

(m) Class 13.  Administrative Convenience Class.  This class is comprised of unsecured creditors with claims of one thousand dollars ($1,000.00) or less or creditors who choose to reduce their claims to one thousand dollars ($1,000.00).  Creditors in this class will receive fifty percent (50%) of their allowed claims on the effective date of the debtor's plan of reorganization and the remainder of their allowed claims one hundred and twenty (120) days after the effective date of the debtor's plan of reorganization.

(n) <u>Class 14</u>.  The class consists of the partners/equity security holders will retain their interest with the debtor in their business.

(o) <u>Allowed Priority Tax Claims</u>.  There are no Priority Tax Claims.

(p) <u>Payment of Post-Petition Administrative Claims</u>.  All administrative claims,  as allowed and ordered by the Bankruptcy Court, including fees payable pursuant to Section 1930 of Title 28, U.S.C., shall be satisfied by payments in cash in full to the holders of such claims on the Effective Date, except to the extent the holders of such claims have agreed to different treatment or have been earlier paid and except for unpaid administrative claims which were incurred by the Debtor in the ordinary course of business.   Unpaid administrative claims which were incurred by the Debtor in the ordinary course of business shall be paid the allowed amount of such claims by the Reorganized Debtor in the ordinary course of its business as such claims become due.  The claims of professionals acting on behalf of the Debtor, including Debtor counsel, for reimbursement of fees and expenses, will also be paid on an administrative priority basis as provided herein.  The debtor will pay all United States Trustee fees pursuant to 28 USC §1930(a)(6).

## IV.  MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

A.  <u>New Value Infusion by the debtor</u>.  The debtor will contribute any amounts needed to fund the initial payment under the debtor's Plan.

B.  <u>Payments Under Plan</u> . The debtor will fund, other than as described herein, any other payments due pursuant to the Plan from her earnings and business operations.

C.  <u>Vesting of Property of the Estate</u>. On the Effective Date all property of the Estate herein shall vest in the Reorganized Debtor.

D.  <u>Automatic Operation of Certain Provisions of the Plan</u>. On the Effective Date, the

Confirmation Order shall accomplish and effectuate, without any action by any affected entity and without further action by the Bankruptcy Court, the appointment of the disbursing agent and the vesting of the property of the estate in the Reorganized Debtor.

      E.  <u>Cash payments to be made pursuant to the Plan</u>.  On the Effective Date the disbursing agent shall disburse payments, except to holders of disputed claims and pending claims, and except to the extent the holder of a particular claim has agreed to different treatment of such claim in the following manner and order of priority: (1) all administrative claims, as allowed and ordered paid by the Bankruptcy Court, (2) all allowed priority wage claims, (3) all allowed priority tax claims shall receive amounts of their Claims in equal monthly payments over a six-year period pursuant to §1129(a)(9)(C) of the Bankruptcy Code, (4) all allowed general unsecured claims.

      F.  <u>Duties,  bond and compensation of the Disbursing Agent</u>.

      1.  The Disbursing Agent shall be appointed as of the Confirmation Date and shall make the distributions provided for under the Plan .

      2.  The Disbursing Agent shall serve without bond and shall have no personal liability for any actions taken pursuant to and in accordance with the provisions of the Plan except for his own gross negligence, willful default or gross misconduct. Further, the Disbursing Agent shall have no liability for any acts he may commit or fail to commit while acting in good faith and in the exercise of his reasonable business judgment.  The Disbursing Agent shall serve without compensation for services rendered or reimbursement for costs incurred.

      G.  <u>Unclaimed Distributions</u>

      1.  If any distribution of funds under the Plan remains unclaimed for a period of ninety (90) days after it has been delivered to the holder entitled thereto, the Allowed amount of the Claim upon which such distribution was made shall be reduced then to zero dollars and such unclaimed

distribution shall be returned to the Reorganized Debtor.

2.  A  distribution of funds is unclaimed, if without limitation, the holder of a Claim entitled thereto does not cash a check or returns a check or if the check mailed to the holder at the address set forth in the Debtor's Schedules of Liabilities or set forth in a proof of claim filed by such holder is returned by the United States Postal Service as undeliverable.

3.  Any funds unclaimed shall be forfeited by the holder otherwise entitled thereto,  and all rights,  title and interest therein shall thereupon vest in the Debtor

## V.  EXECUTORY CONTRACTS

On the Confirmation Date, the Reorganized Debtor shall be deemed to have rejected, in accordance with Section 365 of the Code, any and all executory contracts and unexpired leases to which the Debtor is party, except those which (a) prior to the Confirmation Date shall have been assumed, or (b) at the Confirmation Date are the subject of pending motions to assume.

Any  payments  required  to  effect an assumption of said executory contract shall be paid on the Effective Date.

## VI.  MODIFICATION OF THE PLAN

The Debtor may propose amendments or modifications of this Plan at any time prior to Confirmation, in accordance with 11 U.S.C. Section 1127(a).  Post confirmation the Debtor may, pursuant to 11 U.S.C. Section 1107(b), with leave of Court and so long as the modification does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the   Plan, or in the Confirmation Order, in such manner as may be necessary to execute the purpose and effect of this Plan.

## VII.  JURISDICTION OF THE COURT

Upon confirmation of the Plan, the Court will retain jurisdiction for the following purposes:

(a)  To judicially resolve any properly filed objections to the classification or allowance of

any claim.

(b)  To determine and resolve all questions and disputes regarding title to the assets of the Estate and to determine all causes of action, controversies, disputes or conflicts pending as of the Confirmation Date between the Debtor and any other party.

(c)  To correct any defect, to cure any omission or to reconcile any inconsistency in this Plan  or the Confirmation Order as may be necessary to carry out the purposes and intent of this Plan.

(d)  To modify this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

(e)  To interpret the terms and conditions of this Plan.

(f)  For the entry of any Orders, including injunctions necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as this Court may deem necessary.

(g) To enter Orders concluding and terminating this case.

## VIII.  PROVISIONS TO INVOKE CRAM DOWN PROCEEDINGS IF NECESSARY

If all of the applicable requirements of 11 U.S.C. Section 1129(a), other than Section 1129(a) (8) are found to have been met with respect to the Plan, the Debtors may then seek confirmation pursuant to 11 U.S.C. Section 1129(b). For purposes of seeking confirmation under the Cram Down provisions of the Code, should that alternative means of confirmation prove to be necessary, the Debtor reserves the right to modify or vary the terms of the claims of the rejecting classes, so as to comply with the requirements of 11 U.S.C. Section 1129(b).

## IX.  GENERAL PROVISIONS

Nothing herein contained shall prevent the reorganized Debtors from taking any action as may be necessary to enforce any rights, or to prosecute any cause of action existing on behalf of the

Debtors, which may not have been heretofore enforced or prosecuted.  This Plan is not subject to regulatory approval. There are no retirement benefits provided under the   Plan  as the Debtor is not obligated for any such benefits.

Section Headings.  The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

## X.  REQUEST FOR CONFIRMATION

Pursuant to 11 U.S.C. §1129(b), the Debtor as the proponent of the Plan, hereby requests Confirmation of this Plan notwithstanding the requirements of 11 U.S.C. §1129(a)(8) of the United States Bankruptcy Code.

DATED at Miami-Dade County, Florida this 13th  day of February 2015.

**Zoila Gomez**

        /S/

        /S/
Richard Siegmeister, Esquire
Richard Siegmeister P.A.
Attorney for the Debtor
One Plaza Brickell, Suite 304
1800 S.W. 1 Avenue
Miami, Florida   33129-1180
Telephone:  305 859-73796
Facsimile: 305 859-7376
Email: rspa111@att.net
Florida Bar Number 0700975

Z:\MyFiles\Data - Old\BANKRDTR\Gomez Zoila\Plan and Disclosure\150213 Tthird Amended Plan of Reorgainzation.wpd