

**ORDERED in the Southern District of Florida on March 12, 2015.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**
www.flsb.uscourts.gov

In Re:                                    Case Number   **12-37689-BKC-JKO**
                                          Chapter       **11**
**ZOILA GOMEZ**

                        Debtor         /

**AMENDED ORDER CONFIRMING DEBTOR'S THIRD AMENDED**
**CHAPTER 11 PLAN OF REORGANIZATION [DE 322];  AND**
**SETTING POST CONFIRMATION STATUS CONFERENCE**

This matter came on to be heard at 10:30 a.m., on the 5th day of March 2015 to consider confirmation of the debtor ZOILA GOMEZ's Third Amended Plan of Reorganization (ECF 322), and the Court having reviewed the Plan, the court file, heard argument of counsel taking notice of Certificate of Proponent of Plan on Acceptance of Plan, Report on Amount to Be Deposited, Certificate of Amount Deposited and Payment of Fees (ECF 319) and Confirmation Affidavit (ECF 318), and being otherwise fully advised of the premises it is:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and in consideration of the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52(a)[2]

a. On November 6, 2014, the Court entered an Order Approving the Amended Disclosure Statement [DE 284] (the "Disclosure Statement Order").

b. There has been adequate and sufficient notice of: (i) the Plan and Disclosure Statement; (ii) the deadline to file and serve objections to confirmation of the Plan; (iii) the deadline for voting on the Plan; and (iv) the Hearing date for confirmation of the Plan. Debtor has afforded all parties in interest with adequate opportunity to be heard regarding the Plan.

c. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129 and 1141; 28 U.S.C. §§ 157(a), (b)(1) and (b)(2)(L), 1334(a) and (b), the United States District Court of Florida's General Order of Reference, and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

d. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409(a).

e. The Plan satisfies 11 U.S.C. § 1122(a) and adequately and properly classifies all claims and interests required to be classified, and accordingly, satisfies 11 U.S.C. § 1123(a)(2) and (3).

f. The Plan provides the same treatment for each claim or interest in each class, and accordingly, satisfies 11 U.S.C. §1123(a)(4).

g. Article V, Section 5.03 of the Plan sets forth the means by which the Plan will be

---

[2] Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. See In re American Family Enterprises, 256 B.R. 377, 385 n.2 (Bankr.D. N.J. 2000); In re Antar, 122 B.R. 788, 789 (Bankr. S.D. Fla. 1990).

implemented, and accordingly, makes adequate means for its implementation and satisfies 11 U.S.C. § 1123(a)(5). The Plan will be funded through the rental income generated by Debtor's investment properties.

    h. The Plan has been accepted in writing by the class of creditors whose acceptance is required by law.

    i. The Proponent's Certificate correctly sets forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of Florida.

    j. The Plan was voted on by the holders of claims in Classes 6, 7, 8, 9, and 12.

    k. The Plan complies with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129(a) with respect to all Classes of Claims and Interests under the Plan, and, as required by Fed. R. Bank. P. 3016(a), the Plan is dated and identifies Zoila Gomez (the "Plan Proponent") as the Plan Proponent.

    l. The Plan Proponents have complied with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. §1129.

    m. The Plan has been proposed and submitted to all creditors in good faith and not by any means forbidden by law and therefore 11 U.S.C. §1129(a)(3) is satisfied. Any payment made thus far and any payments to be made for services or costs expended in connection with the Plan or with this case have either been approved or are subject to approval by this Court as reasonable, thus satisfying the requirement of 11 U.S.C. § 1129(a)(4).

    n. The requirements of 11 U.S.C. §1129(a)(5) concern corporate debtors and are not otherwise applicable to the Debtors and need not be addressed.

o. The requirements of 11 U.S.C. §1129(a)(6) concern matters not applicable to individual debtors and need not be addressed.

p. As heretofore stated, each impaired class has accepted the Plan and will receive or retain under the plan on account of such claim, property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtors were to liquidate under chapter 7 of this title on such date; thus satisfying the requirements of 11 U.S.C. §1129(a)(7)(A), and (10);

r. The requirements of 11 U.S.C. §1129(a)(9) are not applicable as Debtor's Plan does not contain any claims or class of claims specified in §1129(a)(9)(A)-(D);

s. At least one Impaired Class voted to accept the Plan to be in compliance with 11 U.S.C. §1129(a)(10).

t. Confirmation of the Plan of Reorganization is not likely to be followed by liquidation or the need for further reorganization, except as provided in the Plan, thus satisfying the requirements of 11 U.S.C. §1129(a)(11);

u. All U.S. Trustee fees will be paid in full on the Effective Date of the Second Amended Plan of Reorganization or consistent with 28 U.S.C. §1930(a)(6), thus satisfying the requirements of 11 U.S.C. §1129(a)(12);

v. Retiree benefits are irrelevant to the confirmation of the Third Amended Plan of Reorganization, and therefore, the requirements of 11 U.S.C. §1129(a)(13) are likewise irrelevant;

w. Debtor is not required by judicial or administrative order, or by statute, to pay domestic support obligations and therefore the provisions of 11 U.S.C. §§ 1129(a)(14) are

inapplicable to the instant case.

x. No objections to confirmation of Debtor's plan were filed by a creditor holding an allowed unsecured claim thereby rendering the provisions of 11 U.S.C. §1129(a)(15) inapplicable to the instant case.

y. there were no transfers of property contemplated thereby rendering the provisions of 11 U.S.C. §1129(a)(16) inapplicable to the instant case.

z. The Debtor's cash on hand will be available for the payment in whole or in part of the Allowed Administrative Expense Claims, Priority Tax Claims, the United States Trustee Fees, and the amounts due to creditors as set for in the Proponent's Certificate.

aa. As such, the requirements of 11 U.S.C. §1129(a) have been met and the Court finds it appropriate to confirm the Debtor's Third Amended Plan of Reorganization.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS AND FOR THE REASONS STATED ON THE RECORD AT THE HEARING, WHICH ARE INCORPORATED HEREIN BY REFERENCE, IT IS**

**ORDERED** that

1. The Debtor's Third Amended Plan of Reorganization filed at [DE 322] is **CONFIRMED**.

2. The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Fed.R.Bankr.P. 7052. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All of the terms and provisions of the Disclosure Statement and Plan are approved.

4. The provisions of the Plan and this Confirmation Order are binding on the Debtor, each creditor, and every other interested party.

5. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

6. As of the Effective Date, all property of the estate shall re-vest in the Reorganized Debtor.

7. The Court shall retain jurisdiction as provided in the Plan of Reorganization until there is substantial consummation of the Plan of Reorganization;

8. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) within ten (10) days of the entry of this order for pre-confirmation periods and simultaneously provide to the United States Trustee a monthly operating report for the pre-confirmation period. The Reorganized Debtor shall file quarterly post-confirmation reports with the Court indicating cash disbursements for the relevant period and further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case to another chapter under the United States Bankruptcy Code;

9. The Debtor shall pay the Clerk of the Bankruptcy Court any outstanding fees and costs within ten (10) days of the entry of this Order;

10. The Reorganized Debtor shall pay all allowed claims at such time and in such

amounts as provided for in the Plan.

    11. All executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the date of the Hearing, and the Reorganized Debtor is authorized to enter into such contracts as he deems appropriate in the exercise of his business judgment without the need for a motion and hearing in this Court. **ANY CLAIMS ARISING FROM THE REJECTION OF AN UNEXPIRED LEASE OR EXECUTORY CONTRACT SHALL BE FILED WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER OR BE FOREVER BARRED.** Pursuant to 11 U.S.C. §1141(d)(5)(A), Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, upon completion of all payments required under the Plan to Class 12 creditors. Upon completion of all payments required under the Plan to Class 12 creditors, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

    12. Notwithstanding the above, Debtor may request that the Court close this bankruptcy proceeding prior to entry of an Order of Discharge, pursuant to the following procedures: a. Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (i) completion of the initial payment to Class 12 creditors; (ii) payment of all outstanding quarterly United States Trustee Fees associated with the initial plan payment (as well as any other disbursements as of the date of the Motion to Close); and (iii) the filing of all outstanding federal income tax returns. The Motion to Close shall certify that each of the above conditions have been met.

    b. the Motion to Close (and Notice of Hearing) shall be served to all creditors and

interested parties. The Court may grant the Motion to Close, pursuant to 11 U.S.C. §350(a), if each of the above conditions have been met.

      c. During the time that this bankruptcy proceeding is closed, all creditors shall be enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date, as long as the Debtor complies with all of the terms of the Plan and this Order, and as long as the Debtor timely makes all of the payments contemplated under the Plan.

      d. Upon the satisfaction of all payments required under the Plan to Class 12 creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. §350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to Class 12 creditors.

      e. Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to Class 15 creditors have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. §1141(d)(5).

13. The Debtor shall be the Disbursing Agent and is responsible for making payments pursuant to the confirmed Plan.

14. The Court shall retain jurisdiction:

a. To enable the debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

b. To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

c. To determine all controversies relating to or concerning the classification, subordination, allowance, valuation, modification, or satisfaction of Claims in this case;

d. To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated claims;

e. To determine the validity, extent and priority of liens, if any, against property of the estate;

f. To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;

g. To determine all objections to Administrative Claims;

h. To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and (2) any and all claims or Causes of Action asserted by the Debtor either by and through the Debtor and Reorganized Debtor;

i. Without limiting the generality of the preceding paragraph, to determine any avoidance action brought by the Debtor;

j. To determine all controversies arising out of any purchase, sale, modification, or contract made or undertaken by the Debtor prior to the Confirmation Date;

k. To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

l. To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

m. To enforce any and all injunctions created pursuant to the terms of the Plan;

n. To modify the Plan of Reorganization or to remedy any defect or omission or reconcile any inconsistencies in the Plan of Reorganization either before or after the entry of the Confirmation Order;

o. To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

p. To enter a Final Decree; and

q. To make such order and decrees as are necessary and appropriate to carry out the provisions of the Plan.

17. The Court shall hold a post-confirmation status conference on the 21st day of April 2015 at 10:30 a.m. in Courtroom 301 at the United States Bankruptcy Court, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

18. Debtor is directed to serve a copy of this order on all parties and file a certificate of service within 2 days of the entry of the order.

#            #            #

Submitted by Richard Siegmeister, esquire who is directed to serve copies of this order on all interested parties and file a certificate of Service with the Court.

Z:\MyFiles\Data - Old\BANKRDTR\Gomez Zoila\150311 Amended Order Confirmaing Plan.wpd